BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0102
     Facsimile: (213) 894-6269
     E-mail:    andrew.brown@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>                  v.<br><br>DIMITRIX JEROME KAY,<br><br>             Defendant. | No. 2:25-CR-665-MWC<br><br>PLEA AGREEMENT FOR DEFENDANT<br>DIMITRIX JEROME KAY |

1.    This constitutes the plea agreement between DIMITRIX JEROME KAY ("defendant"), and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

     a)    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the

1

Information, which charges defendant with conspiracy to commit bank and wire fraud, in violation of 18 U.S.C. § 1349.

b)    Not contest facts agreed to in this agreement.

c)    Abide by all agreements regarding sentencing contained in this agreement.

d)    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e)    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f)    Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g)    Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

h)    Not bring a post-conviction collateral attack on the conviction or sentence unless he has clearly retained the right to do so under the terms set forth in paragraph 17.

i)    Not move to withdraw defendant's guilty plea.

j)    Not file a notice of appeal, unless and only to the extent that he has clearly retained the right to do so under the terms set forth in paragraphs 15 and 16.

k)    Support the government's request that defendant's supervised release include the following suspicionless search conditions:

2

Defendant shall submit defendant's person and any property, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search and seizure at any time of the day or night by any law enforcement or probation officer, with or without a warrant, and with or without cause.  If stopped or questioned by a law enforcement officer for any reason, defendant shall notify that officer that defendant is on federal supervised release and subject to search with or without cause.

## THE USAO'S OBLIGATIONS

3.    The USAO agrees to:

a)    Not contest facts agreed to in this agreement.

b)    At the time of sentencing, move to dismiss the remaining count of the Information as against defendant.  Defendant understands, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

## NATURE OF THE OFFENSE

4.    Defendant understands that for defendant to be guilty of conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349, the following must be true:  First, during the time period alleged in the Information there was an agreement between two or more persons to commit bank fraud; Second, defendant became a member of the conspiracy knowing of its object and intending to help accomplish it.  The elements of bank fraud, in turn, are as follows:  First, defendant knowingly carried out a scheme or plan to obtain money or property from a financial institution by making false statements or promises; Second, defendant knew that the statements or promises were false; Third,

3

the statements or promises were material, that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property; Fourth, the defendant acted with the intent to defraud; and Fifth, the financial institution was federally insured.

PENALTIES AND RESTITUTION

5.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 1349, 1344, is: 30 years' imprisonment; a five-year period of supervised release; a fine of $1,000,000, or twice the gross gain or loss from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this

4

case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8.    Defendant understands that defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed and charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts and charges.

### FACTUAL BASIS

9.    Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth below but is

5

not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning in or before 2022, and continuing through at least July 16, 2025, there was an agreement between two or more persons to commit bank fraud. Defendant became a member of that conspiracy knowing of its object, and intending to help accomplish it. In furtherance of the conspiracy, defendant and his co-conspirators obtained the identifying information of victims, often from lists of the recently deceased posted on the County of Los Angeles Medical Examiner's website. Acting with the intent to defraud, defendant purchased their social security numbers through a Telegram channel and then obtained their credit reports. Using this information, defendant impersonated his victims and obtained bank-issued credit cards in their names for his own use. Defendant also impersonated their relatives and beneficiaries and demanded that the financial institutions where they kept their assets disburse them to defendant. Defendant and his co-conspirators shared the personal identifying information of their victims as well as tips on how to defraud banks. Federally-insured financial institutions defrauded as a result of this conspiracy include US Bank, JP Morgan Chase Bank, and Wells Fargo Bank.

<u>NO AGREEMENT AS TO SENTENCING</u>

10. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it

finds appropriate up to the maximum set by statute for the crimes of conviction.

11. Defendant and the USAO have no agreement as to the appropriate sentence or the applicable Sentencing Guidelines factors. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history score and category, base offense level, specific offense characteristics, adjustments, departures, and variances.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

12. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.

    b) The right to a speedy and public trial by jury.

    c) The right to be represented by counsel – and if necessary have the court appoint counsel - at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

    d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e) The right to confront and cross-examine witnesses against defendant.

    f) The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g)    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h)    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### LIMITED WAIVER OF DISCOVERY

13.    In exchange for the government's obligations under this agreement, defendant gives up any right defendant may have had to review any additional discovery.  Defendant understands that the government has withheld information concerning its use of informants to hide their identities.

### ABANDONMENT OF DIGITAL DEVICES AND FIREARMS

14.    Defendant abandons all right, title, and interest defendant had in any of the items seized by law enforcement officials in this investigation, including all firearms, ammunition, cash, money orders, and digital devices, which defendant admits are instrumentalities and proceeds of defendant's offense.

### WAIVER OF APPEAL OF CONVICTION

15.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

16.    Defendant agrees that, provided the Court imposes a term of imprisonment of no more than thirty years, defendant gives up the right to appeal all of the following: (a) the procedures and

calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $5,000,000; and (f) the conditions of probation or supervised release imposed by the Court.

17. Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

18. The USAO gives up its right to appeal any portion of the sentence unless defendant files a notice of appeal, in which case the USAO is free to cross-appeal every aspect of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

19. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses

based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

20. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

21. Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, (b) the USAO will be relieved of all its obligations under this agreement, and (c) defendant will still be bound by defendant's obligations under this agreement.

22. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a)    Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b)    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c)    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND PROBATION OFFICE NOT PARTIES</u>

23.   Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing

11

Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in the plea agreement are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

26.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

BILAL A. ESSAYLI
United States Attorney

*Andrew Brown*                                    July 30, 2025
ANDREW BROWN                                      Date
Assistant United States Attorney


_____    05/26/2025
DIMITRIX JEROME KAY                   Date
Defendant

_____    8/26/25
KATHERINE "KACEY" MCBROOM             Date
Attorney for Defendant
DIMITRIX JEROME KAY

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made

13

to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          08/26/2025
DIMITRIX JEROME KAY                        Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am DIMITRIX JEROME KAY's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of my client's rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          8/26/2025
KATHERINE "KACEY" MCBROOM                  Date
Attorney for Defendant
DIMITRIX JEROME KAY

14